## WILLIAMSON v. HUMAN.

No. 3041.   Opinion Filed December 16, 1913.

(137 Pac. 664.)

APPEAL AND ERROR—Brief—Dismissal.  For failure to comply with rule 25 of this court (38 Okla. x, 95 Pac. viii), the appeal is dismissed.

(Syllabus by the Court.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action by Ola Human, by her next friend, C. M. Spell, against C. E. Williamson.   Judgment for plaintiff, and defendant brings error.   Affirmed.

*Kyle & Newman* and *H. B. Hays,* for plaintiff in error.

*Chas. C. Parker* and *Deck & Elting,* for defendant in error.

KANE, J.   This was an action for forcible entry and detainer, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover possession of a certain tract of land.   Upon trial to a jury in the justice's court there was a verdict in favor of the defendant, upon which judgment was duly entered, whereupon the losing party appealed to the county court.

In the county court a demurrer to the answer of the defendant was sustained, and, upon his refusal to plead further, judgment upon the pleadings was rendered in favor of the plaintiff, to reverse which this proceeding in error was commenced.

An examination of the briefs discloses that rule 25 of this court (38 Okla. x, 95 Pac. viii) has not been complied with. The rule requires in effect that the brief of the plaintiff in error shall contain an abstract or abridgment of the transcript, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which he relies, together with such other statements from the record as are necessary to a full understanding

of the questions presented to this court for decision so that no examination of the record itself need be made in this court. In the case at bar, the only questions raised are whether the answer states facts sufficient to constitute a defense and the sufficiency of the pleadings to support the judgment rendered. As neither the bill of particulars nor the answer thereto is set out in the abstract required by rule 25 (38 Okla x, 95 Pac. viii), which this court has often held to be mandatory, it is impossible for the court to pass upon the questions raised without an examination of the record itself. That counsel for plaintiff in error did not attempt to comply with the rule is apparent from such extracts as the following, which occur frequently throughout the brief: "The court will see from an examination of the record;" "the record shows as will be seen from an examination thereof;" etc., etc., etc.

For failure to comply with rule 25, *supra,* of this court, the appeal is dismissed.

All the Justices concur.