## TULSA MID-CONTINENT OIL & GAS CO. v. E. E. TUTTLE & SON.

No. 6735.    Opinion Filed March 7, 1916.

(155 Pac. 1159.)

**APPEAL AND ERROR—Dismissal—Brief.** Where the plaintiff in error wholly fails to comply with rule No. 25 (38 Okla. x, 137 Pac. xi), the appeal may be dismissed.

(Syllabus by Brett, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by E. E. Tuttle & Son, a copartnership composed of E. E. Tuttle and another, against the Tulsa Mid-

Continent Oil & Gas Company, a corporation. Judgment for plaintiffs, and defendant brings error. Dismissed.

*James H. Wolverton,* for plaintiff in error.

*Sherman, Veasey & O'Meara,* for defendants in error.

Opinion by BRETT, C. This action was commenced by the defendants in error in the district court of Washington county against the plaintiff in error to recover a sum alleged to be due for work done under an alleged drilling contract. A trial was had, which resulted in a judgment for defendants in error, plaintiffs below, and to reverse this judgment an appeal has been perfected to this court.

The brief of plaintiff in error complies in no sense with rule No. 25 (38 Okla. x, 137 Pac. xi). There are no specifications of error complained of, as required by rule No. 25; no suggestion that the court ever passed upon a motion for new trial, or that one was filed. Complaint is made of the refusal of the court to give a requested instruction "appearing at page 108 of said case-made." Rule No. 25 requires that:

"Where a party complains of instructions given or refused he shall set out *in totidem verbis* in his brief separately the portion to which he objects or may save exceptions."

There is no authority cited in plaintiff in error's brief, and the entire brief, after stating the facts, is the following:

"It is the contention of the plaintiff in error that this demurrer should have been sustained, for the reason that the testimony of the defendants in error did not show that any new agreement was made between the parties, and.

that all the work done in drilling of said well was under the terms of the written contract between them.

"Another ground assigned as reversible error is the refusal of the court below to give an instruction requested by the plaintiff in error, appearing on page 108 of said case-made, because if such an oral contract did exist between said parties, as claimed by defendants in error, then under the evidence in this cause the recovery could not have exceeded the sum of $100.

"For these manifest errors said judgment should be reversed, and case remanded to lower court for further hearing."

We therefore think, under the authority of *Williamson v. Human*, 40 Okla. 199, 137 Pac. 664, *Moore v. Adams*, 40 Okla. 100, 136 Pac. 410, and cases therein cited, the appeal should be dismissed.

